Nelida **RAMOS–SANTOS**, Plaintiff,

v.

Jeremias **HERNANDEZ–NOGUERAS**, et al., Defendants.

Civil No. 11–1105 (FAB).

United States District Court, D. Puerto Rico.

July 19, 2012.

---

Frank D. Inserni–Milam, Frank D. Inserni Law Office, San Juan, PR, Celina Romany–Siaca, Celina Romany Law Office, Guaynabo, PR, for Plaintiff.

Angel E. Rotger–Sabat, Miguel A. Rangel–Rosas, Maymi, Rivera & Rotger–Sabat, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

FRANCISCO A. BESOSA, District Judge.

Before the Court is a motion for clarification filed plaintiff Nelida Ramos–Santos ("plaintiff" or "Ramos"). (Docket No. 169.) For the reasons set forth below, the Court **DENIES** plaintiff's motion.

## DISCUSSION

### I. Procedural Background

On February 5, 2011, plaintiff Nelida Ramos–Santos ("plaintiff" or "Ramos") filed an amended complaint against her employers, the Commonwealth of Puerto Rico ("Commonwealth"), the Cuerpos de Bomberos de Puerto Rico (the Puerto Rico Fire Department) ("PRFD"), and PRFD employees Rodriguez and Jeremias Hernandez–Nogueras ("Hernandez"). (Docket No. 5.) In her amended complaint, she alleges workplace sexual harassment and retaliation under the First and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964 ("Title VII"), Federal and Commonwealth whistleblower laws, and a variety of Commonwealth anti-discrimination laws. *Id.* On September 15, 2011, plaintiff filed a second complaint for the sole purpose of correcting incorrect legal citations. (*See* Docket Nos. 67 and 70.)

She alleged that Hernandez sexually harassed her and that the PRFD demoted her because she filed complaints about the harassment with the PRFD and with the Equal Employment Opportunity Commission ("EEOC"). (*See* Docket No. 67.) She also alleged that Hernandez improperly solicited funds from a PRFD supplier and that she told Rodriguez about this incident. *Id.* Finally, she alleges that she was demoted in retaliation for reporting the incident. *Id.*

On April 5, 2011, defendants Rodriguez, the Commonwealth and the PRFD filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 23.) On April 15, 2011, Hernandez filed a separate motion to dismiss. (Docket No. 24.) On May 23, 2011, defendant Rodriguez filed a motion seeking qualified immunity, in which she argued that plaintiff failed to plead a plausible constitutional claim. (Docket No. 36.) Pursuant to a referral order issued by the Court, Magistrate Judge Marcos E. Lopez issued a report and recommenda-

tion ("R & R"), which recommended that Hernandez's motion to dismiss be **GRANTED.** (Docket No. 117.) He also recommended that defendants Rodriguez, the Commonwealth, and the PRFD's motion to dismiss be **GRANTED IN PART** and **DENIED IN PART.** Finally, he recommended that defendant Rodriguez's motion seeking qualified immunity be deemed **MOOT.** On June 8, 2012, the Court **ADOPTED** the magistrate judge's findings in an opinion and order. (Docket No. 146.) The following claims remained: 1) plaintiff's Title VII retaliation claims, 2) plaintiff's Law 115 retaliation claims, and 3) plaintiff's Law 426 claims.

While the motions to dismiss were still pending, defendants the Commonwealth, PRFD, and Rodriguez filed a motion for summary judgment[1] on April 6, 2012. (Docket No. 93.) On July 11, 2012, pursuant to a referral order issued by the Court, Magistrate Judge Marcos E. Lopez filed an R & R, recommending that defendants the Commonwealth, PRFD, and Rodriguez's motion for summary judgment be **GRANTED IN PART** and **DENIED IN PART.**

On July 18, 2012, defendants filed objections to the magistrate judge's R & R. (Docket No. 168.) Also on July 18, 2012, plaintiff filed a motion requesting clarification of the magistrate judge's R & R with respect to a retaliation supplementary cause of action under Puerto Rico Law 69. Plaintiff argues that the Court should adopt the magistrate judge's R & R with the clarification that the supplementary retaliation claim under Puerto Rico Law 69 survive as well.

## II. Legal Analysis

Plaintiff states that she does not object to the magistrate judge's R & R, (Docket No. 159), but argues that if her Title VII retaliation claim survived summary judgment, her Puerto Rico Law 69 claim should have survived as well. (Docket No. 169 at 3–4.) Regarding the defendants' motions to dismiss. In his R & R regarding the defendants' motion to dismiss, however, the magistrate judge recommended that all of plaintiff's Puerto Rico Law 69 claims be dismissed for failure to state a claim. (Docket No. 117 at p. 36.) The Court adopted this recommendation in its opinion and order regarding the defendants' motion to dismiss. (Docket No. 146 at pp. 9–10.) In its discussion, the Court states clearly that plaintiff objected only to the magistrate judge's recommendation that her Fourteenth and First Amendment claims be dismissed. *Id.* at p. 15. Therefore, the Court stated that "by limiting her objection to the prenominate concerns, any other objection [by plaintiff] is waived." *Id.*; *see Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992) ("Failure to raise objections to the Report and Recommendation waives the party's right to review in the district court and those claims not preserved by such objection are precluded on appeal.") Thus, because plaintiff waived any objection to the magistrate judge's recommendation that her Puerto Rico Law 69 claims be dismissed for failure to state a claim, she may not now, at the pretrial stage, revive those claims.

## III. CONCLUSION

For the reasons expressed, the Court **DENIES** plaintiff Ramos' motion request-

---

1. On April 9, 2012, Hernandez also filed a motion for summary judgment. Because the Court granted Hernandez's motion to dismiss all claims and causes of action against him, (*see* Docket No. 117), the magistrate recommended that Hernandez's motion for sum-

mary judgment be deemed moot, (Docket No. 148). Accordingly, on June 22, 2012, the Court issued an order which deemed Hernandez's motion for summary judgment as moot. (Docket No. 149.)

ing clarification of the magistrate judge's R & R regarding defendants' motion for summary judgment.

**IT IS SO ORDERED.**